FINERY SILK STOCKING COMPANY, INC., Plaintiff, *v.* ÆTNA INSURANCE COMPANY, Defendant.

First Department, November 1, 1929.

*William Otis Badger* of counsel [*Alfred L. Pitts* with him on the brief], for the plaintiff.

*Paul D. Compton* of counsel [*Single & Single*, attorneys], for the defendant.

MERRELL, J. The parties to this controversy have stipulated all the material facts upon which the dispute between them has arisen. The plaintiff is a domestic corporation, having its office and place of business at 173 East Eighty-seventh street, New York city, and was and now is engaged in the manufacture of silk stockings and underwear. The defendant is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Connecticut, duly authorized by law to carry on business in the State of New York, among other things, to conduct the business of writing and issuing policies of transportation insurance. On or about October 24, 1928, in consideration of the payment to defendant of the premiums of $450, the defendant duly executed and delivered to plaintiff its policy of transportation insurance No. Tn 81152, by the terms of which said defendant insured plaintiff for the term of one year, beginning October 2, 1928, and ending October 2, 1929, upon all kinds of lawful goods and merchandise, consisting principally of silk stockings and underwear, the property of the plaintiff, or held by it in trust, or on commission, or on consignment, in the sum of $10,000. The policy by its terms provided: " This insurance attaches upon delivery of the property insured to any common carrier for transportation and covers thereafter continuously from the time the goods or merchandise leave factory, store or warehouse at initial point of shipment, while in due course of transit in the custody of a common carrier until delivered at, but not in factory, store or warehouse at destination." The policy further provided as follows: " Notwithstanding anything herein to the contrary this Policy also covers on assured's own trucks when deliveries are made to connecting common carriers at the nearest convenient freight, express or steamship office." By a rider attached to the policy it was further provided: " It is understood and agreed that this policy is extended to cover goods in due course of transit while on trucks of motor transportation companies."

On or about January 15, 1929, while the aforesaid policy was in full force and effect, 423 dozen pairs of silk stockings belonging to the plaintiff, while on an automobile truck of the Mercantile Dye Works, Inc., were stolen at East Sixty-first street and First avenue. The truck in question from which the plaintiff's goods were stolen was owned and operated by the Mercantile Dye Works, Inc., and was engaged in the service of collecting, conveying and returning goods to be dyed. The Mercantile Dye Works, Inc., was not a common carrier and, engaged as it was in the principal business of dyeing various fabrics, used the truck merely to transport goods which it contemplated dyeing or which

it had already dyed back and forth from and to its customers. The value of the merchandise stolen was $4,954.65. Following the loss the plaintiff duly performed all the terms, provisions and conditions of the policy on its part to be performed and made due proof of loss within the time prescribed by the policy, and more than thirty days elapsed after the plaintiff filed with defendant its proof of loss prior to the submission of the controversy between the parties. Plaintiff demands that the defendant pay to it the sum of $4,954.65, the value of the property insured and lost as aforesaid, with interest from February 20, 1929, claiming that the aforesaid loss was covered by the policy irrespective of the fact that the property was not in the custody of a common carrier at the time of the loss. The defendant claims that said loss was not covered by the policy, but that said policy, by its terms and provisions, only covered losses of merchandise while the same was in the custody of a common carrier. The controversy between the parties submitted for decision is whether, upon the foregoing facts, plaintiff is entitled to judgment in the sum of $4,954.65, with interest from February 20, 1929, or whether defendant is entitled to judgment. The parties stipulated that this court shall render such judgment as shall be proper on the agreed facts.

It seems entirely clear to us that the loss which the plaintiff sustained was not covered by the policy of insurance issued by defendant. Under the terms of the policy the insurance attached only upon delivery of the property insured to a common carrier for transportation, covering the goods or merchandise from the time they left plaintiff's factory, store or warehouse, while in due course of transit in the custody of a common carrier, until delivered at its destination. Under the facts as stipulated and agreed upon between the parties the theft of plaintiff's merchandise was from an automobile truck of the Mercantile Dye Works, Inc., which truck was owned and operated by said Mercantile Dye Works, Inc., and was engaged in the service of calling for and returning goods to be dyed. It is further expressly agreed by the parties that the Mercantile Dye Works, Inc., was not a common carrier and, engaged as it was in the principal business of dyeing various fabrics, used the truck from which the plaintiff's goods were stolen merely to transport goods which it contemplated dyeing or which it had already dyed, back and forth, to and from its customers. The goods not being in the custody of a common carrier, it is, therefore, clear that the insurance did not attach, nor is the plaintiff aided by the clause in the policy to the effect that the policy covered goods stolen while on the assured's own trucks when deliveries were made to connecting common carriers at the nearest

convenient freight, express or steamship office. The truck from which the goods were stolen was not the truck of the assured and, therefore, the insurance did not attach by virtue of such provision in the policy. The truck in question from which the theft was made was not a truck of a motor transportation company, as provided for in the rider attached to the policy. In no sense of the word could it be said that the Mercantile Dye Works, Inc., was a transportation company. Under the stipulated facts the business of the Mercantile Dye Works, Inc., was dyeing various fabrics and it used its truck "merely to transport goods which it contemplated dyeing or which it had already dyed back and forth from and to its customers." The Mercantile Dye Works, Inc., was a private carrier and was not engaged as a motor transportation company within the terms of the rider attached to the policy. An insurance contract, like any other contract, must be construed so as to give effect to the intention of the parties and effect must be given to all its provisions. We can see no ambiguity whatever in the terms of this contract and read as a whole it appears therefrom that the defendant agreed to insure the plaintiff against loss by theft of its property when in the possession of a common carrier for transportation or when the property lost was on the assured's trucks in process of delivery to connecting common carriers at the nearest convenient freight, express or steamship office, or when the plaintiff's goods were in due course of transit while on the trucks of motor transportation companies. The loss suffered by plaintiff did not occur when the goods were in either of the situations provided for in the policy. The goods were stolen while in the possession and upon the truck of a private carrier and were not protected by the policy issued by defendant.

We are of the opinion, therefore, that the defendant is entitled to judgment, with costs.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Judgment directed in favor of defendant, with costs. Settle order on notice.